ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    benjamin.kleinman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAAC D. CAPOTE, <br><br> Defendant. | CASE NO. 4:23-cr-00316 JST <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Hearing Date: November 15, 2024 <br> Time: 9:30 a.m. <br> Judge: Hon. Jon S. Tigar |

## I. INTRODUCTION

The defendant, Isaac Capote, stands before this Court to be sentenced following his guilty plea to a violation of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition. *See* PSR ¶ 3. Specifically, on September 16, 2020, the defendant, in pertinent part, possessed a Glock 9mm handgun with an auto sear (machinegun conversion device) affixed to the rear slide, two large capacity magazines, and 36 rounds of ammunition. *See* PSR ¶ 8-10. The government joins the recommendation of United States Probation and respectfully recommends that this Court sentence the defendant to a below Guidelines range of 60 months' imprisonment, three years' supervised release, and forfeiture of the firearm and ammunition described in the plea agreement. *See* Dkt. 31.

II.  DISCUSSION

    A.  **Applicable Law**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

    (5)    the need to provide restitution to any victims of the offense.

    B.  **The Government's Recommendation Is Sufficient But Not Greater Than Necessary**

The defendant has a criminal history score of 14, which established a criminal history category of VI. *See* PSR ¶ 42. The defendant's criminal history includes multiple felony convictions, including drug related felonies and multiple domestic violence felonies, at least one of which entailed a threat with a firearm. *See* PSR ¶ 36-40.

The defendant's total offense level is as follows:

    a.    Base Offense Level, U.S.S.G. § 2K2.1(a)(1):    26

    (A) the firearm was modified with a machinegun conversion device and was loaded with a large capacity magazine; and (B) the defendant committed the instant offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense.

|   |   |   |   |
|---|---|---|---|
| | b. | Acceptance of Responsibility: | - 3 |
| | c. | Adjusted Offense Level: | 23 |

Therefore, based upon a total offense level of 23 and a criminal history category of VI, the Guideline imprisonment range is 92 to 115 months. *See* PSR ¶ 85.

However, the government also notes that the defendant suffered from a serious addiction to alcohol and methamphetamine and experienced significant trauma during his childhood and teenage years. *See* PSR ¶ 61-74. Moreover, the defendant has been in state and then federal custody continuously since September 21, 2021. *See* PSR ¶ 5. Specifically, the defendant was incarcerated for over 19 months in state prison before being transferred to federal custody on April 25, 2023. *See id.* Consequently, federal court proceedings did not begin until over two and half years after the conduct occurred. The defendant has maintained his sobriety since beginning his incarceration in September 2021.

Combining the government's recommended sentence of 60 months with the jail time the defendant has served in state prison means the defendant is essentially serving between 79 to 80 months' incarceration should the Court adopt the government's recommendation. Therefore, the actual length of incarceration would be similar to the average length of imprisonment of 86 months for similarly situated defendants. *See* PSR ¶ 101. The government also notes that the defendant's longest sentence following his previous convictions was four years' imprisonment. *See* PSR ¶ 36-40.

Therefore, in its recommendation of 60 months' imprisonment, the government takes into account not only the nature of the offense and the defendant's criminal history, but also the defendant's jail time in state custody, mitigating factors such as the defendant's addiction and childhood trauma, and the defendant's sobriety, which has been established in the intervening four years since the offense conduct occurred.

//
//
//
//
//

## III. CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends a sentence of 60 months' imprisonment to be followed by three years' supervised release, a $100 special assessment, and forfeiture.

DATED: November 8, 2024                                       Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Benjamin K. Kleinman*
BENJAMIN K. KLEINMAN
Assistant United States Attorney